Good morning, your honors. Good morning. May it please the court, Benjamin Wiesinger for the petitioner, Victor Colindrez. And I, on behalf of my client, I appreciate the notice and opportunity to be present in these proceedings. In fact, I believe I received no fewer than four, maybe even five, notices of this proceeding. The question before the panel is why was just the one notice supposedly good enough to deny my client's statutory right to be here today on the merits of his appeal, denying asylum? I didn't understand what you meant. You received five notices of what? From whom? Emails from the court. And had I not, for example, responded, had I not filed my acknowledgment of this hearing, a staff member of this court would have called me and said, counsel, are you going to proceed on this case? Are you going to be here in court today? And I would have said, oh, yes. Thank you for calling, your honor, and I will get that filed right away. But it's happened before. It'll happen again. And that was all it would have taken for the Board of Immigration Appeals to notify my client that his appeal had been dismissed. All right. Well, at the time that that occurred, Rivero-Valdez, the en banc court, had not come out. So now we're talking about that. So respondent asserts that you failed to adequately raise a due process issue based on the BIA's failure to take adequate steps to provide notice, and so we should not apply Rivero-Valdez's rule to this case. What's your best argument that you preserve this due process argument? Your honors, the regulations that the government references are there in order to provide the process that is due. You can't separate one from the other. That's my best argument in response to that, Judge Callahan. And in Rivero-Valdez, the court actually said we are explicitly saying what has been underlying our decisions all along. And so it's not like Rivero-Valdez announced a brand-new holding or a brand-new process. It merely incorporated what already had been. Well, I don't think all of us agreed on that. It was a 6-5 decision. And wasn't I in the five? Yes, you were, Your Honor. Yes, so maybe. But I agree to be bound by it at this point. So the question is, do we just remand it to the BIA to consider it in the first instance if it changes it? Or are you arguing that you just win outright? Oh, I swing for the fences, Judge. I think we win outright on Rivero-Valdez. It is fully dispositive of this case. But there's a real distinction, isn't there? In this instance, what he didn't get was not the notice to appear in the first instance for his hearing. What he didn't get was the notice of the BIA's decision, and therefore what he didn't do was file a petition for review in this court. Is that right? That's exactly right, Your Honor. So it isn't directly on point, in fact. I don't see a difference because, as I said in my 28-J letter, the functional outcome is the same. If my client hadn't appeared for court, he would have been ordered deported in absentia. He didn't get his hearing. Oh, yes, but in this — to me, the question is, does — is the result, then, that he wins or that he has to show prejudice, which means we look at his appeal and decide whether there's anything to appeal? Your Honor, I don't believe that whether he has a possibility of winning on appeal is even before the court because the right to file a petition for review in this court is statutory. It's statutory. It's not, you know, well, maybe he should, maybe he shouldn't. He had the right to seek review in this court, and that — and he was unable to pursue that right. But what if we can just tell from looking at the material we have now, because it's developed, unlike at the notice of hearing stage when he didn't have a chance to do anything, that there's no chance he could prevail in a petition for review? Well, the BIA's decision denying asylum was based purely on a legal question, nexus. And we've been fighting over nexus to a protected ground ever since I've been a member of the bar. And it's always a question of law based upon the facts of a particular case. Okay. That's why we could decide right now that he — I don't know if he does or doesn't, but we could decide right now whether he has any chance of prevailing. I'll disagree with you, Your Honor, because that is not before the court. The only thing that's before the court is whether he received notice and opportunity. But I'm asking you, this is a due process claim. Doesn't he have to show prejudice, usually? Now, in the Rivera-Valdez situation, what he didn't get was a hearing at all, nothing. So there's no way one can tell what would have happened at the hearing, and it seems futile to talk about prejudice. But in this instance, we have a complete record or we could have a complete record as to what — whether he has any chance of prevailing or not. Right? In theory, yes, because it's all there, but it's simply — that question is simply not before the court. One of the things that Rivera-Valdez — I'm not understanding. I'm wondering why it isn't before the court. It's a question of whether he has shown prejudice for purposes of due process. The denial of the statutory right to appeal is the prejudice. I'm going to die on that hill. And the court — That's — I mean, it happens that we have another case on the calendar that involves inspective assistance in not filing an appeal to this — a petition for review to this court. And we have a question of what — and, in fact, our case law, although I don't know that it's necessarily right, does look at the merits of the appeal — of the petition at that point. I would argue that's a completely different scenario because an IAC claim necessarily involves a question of whether competent counsel's assistance would have made a difference. My client was not counseled during the BIA appeal, and that's really not even relevant for the court's disposition anyways. But I — But I think your Rivera-Valdez argument is a due process argument, right? Because Rivera-Valdez framed it as a due process issue? Correct, Your Honor. And so usually a due process violation has a prejudice prong. So there are three of them, actually, that the majority noted in Rivera-Valdez — prejudice, administrative exhaustion, and deprivation of judicial review. That's why we're here, Your Honors. I'd like to reserve the rest of my time for rebuttal, if that's okay. Or is your question answered, or did you want to further probe? I'm here. I guess I'll let you sit down. Thank you, Judge Friendly. All right, and think about — sounds like she wants a little more answer to that. Well, I'll be ready. Okay. Good morning. Good morning. May it please the Court, Christopher Priby for the Attorney General. For the reasons laid out in the government's 28-J response letter, this Rivera-Valdez issue is not properly before this court. And on the issues that have been presented, the government's arguments in its briefs lay out why the board's precedent is — does not support the petitioner's argument in his opening brief. Well, what if we don't agree with you? Then what do we do? I'm not saying that we don't or that we do, because we don't conference until after we have oral arguments. So that's — but if we don't agree with — if we say, okay, it is before the court, then what's the next step? If the Rivera-Valdez issue — if you do find it before the court, then it can't be he wins automatically because there has been no factual development below. The motion to reopen, he merely alleges facts that are in the record as to what happened to — the circumstances surrounding his not receiving notice. Well, we don't really know if Rivera-Valdez is — that case didn't say it was retroactive, right? We don't really even know if it's retroactive, right? That would be a question that the government would request supplemental briefing on if this court is interested. I am not prepared to speak to whether it is retroactive. Well, did the case — did Rivera-Valdez say specifically it was retroactive? I do not believe it did, but I am not — That's a retroactivity problem, though. I mean, what — the issue in Rivera-Valdez was the application of well-established due process law in particular circumstances. So retroactivity usually arises when there's a groundswell difference, change. Would there even be a retroactivity problem here? Your Honors, I'm not prepared to speak to retroactivity. Well, that's a little peculiar because we did ask you to address Rivera-Valdez and how it applies here, didn't we? Your Honor, I would — the answer the government is giving is that it does not apply here, and if this court believes it should apply, then it should be remanded. Why do you think it doesn't apply? I'm sorry, it does not apply. I misspoke. It should not be reached here. It is not properly before this court. And you're saying that because he didn't in his brief mention Rivera-Valdez, which didn't exist yet? No, Your Honor. I'm saying that because he did not argue a cogent due process claim at all in his brief. All he argued was that the board did not follow its own precedent. I mean, your response to his brief has a whole section. It has not articulated a separate violation of due process. He doesn't make a clear argument, but you're talking about it because he mentioned due process enough, and now there is a case that is supporting the due process argument maybe better than he had one at the time when he was talking about due process in a vague way. So I'm not sure why that doesn't preserve due process given that he talked about due process and then this case that's pretty on point came after. Generally, you have to raise and specifically argue an issue under this court's precedent in order to preserve it for review. That Martinez-Serrano B.I.N.S. is the one that I think of offhand that states an issue that is raised but is not specifically argued. But his brief is all about how he didn't get the notice, right? So it's not like you didn't know what he was talking about as the problem he was upset about. He did not actually state in his statement of facts. I think I laid this out in my 28-J letter. But he did not even raise as a relevant fact that the decision was returned in the mail. And also he did not challenge the board's finding that he did not show or argue that service was effective. That's something the board said in this case. Where do I get the information about he said when he got released from custody that he was talking to people and he makes representations that he said, well, don't worry about it. We got it covered. We'll let them know where you are or whatever. So that would have to be developed on remand. Right now those are just allegations in the motion to reopen. No fact-finding has been made on that issue. As to whether the due process issue was raised, he did allege those facts as pertinent to a due process claim. He raised the facts. I'm sorry. He also did not articulate a due process violation at all in his motion to reopen. He did not make an argument that due process was violated. He stated due process is required. And then he says he was diligent and he took efforts to make his ---- That's part of his due process argument. He should have gotten due process because he was diligent. It was a due process argument. No, Your Honor. It was not framed in terms of ---- What was it if it wasn't a due process argument? He does not rely on due process in the substantive due process ---- not substantive due process law in the ---- not substantive due process. What was it? He relies on board precedent saying ---- Well, he's citing Matthews v. Aldridge. Isn't that a key due process case? He cites it, but he does not use it in his analysis at all. Okay. Let's say hypothetically we don't agree with you on that or at least two people don't agree with you on that. Is then the proper ---- from your perspective with the proper ---- he wants to win here outright. He wants his petition grant. He wants ---- would the proper procedure in your view be to remand it and for the BIA to consider in the first instance Rivera-Valdez? If this court finds that the issue was exhausted, was not forfeited, and that this court is not abusing its discretion by considering the issue after injecting it into the case when the petitioner did not raise it, then, yes, the correct answer would be for remand for review in the first instance by the board. And do you have a position on the question I raised about the difference between this case and Rivera-Valdez and whether that has any implications for the due process claim as to the necessity to show some plausibility as to the possibility of prevailing on the petition for review? Here, whatever problem there is is at the stage of this court, really. In other words, the problem was not getting the notice, but the consequence was not filing a petition for review in this court. So the question is whether this court ought either now or later to look at the merits of what a petition for review would have covered. I think in the first instance the board needs to decide that question and therefore all rely on Chenery. Well, it's a peculiar version of Chenery because what they would be projecting is what this court would have done, not what it would have done. I don't follow, Your Honor. This was about the fact that he wasn't able to file a petition for review in this court, right? So if giving any difference to the board as to what it thinks would have been the merits of the petition for review is a little peculiar because it's really about this court. I disagree that it's about what this court is doing. I think the proper scope of the remand is what reasonable steps would have been taken. Well, I understand that, but I'm going to suppose it was determined that Rivera Valdez does apply and that reasonable steps should have been taken and were. Then what? Is that the end? Does he win? I see, Your Honor. I would need to — I'm not prepared to speak to that question. I would need supplemental briefing to articulate the government's position on that question. It doesn't seem like the government is arguing that his due process claim fails because he didn't show prejudice. You're not even saying that today and you didn't say it in your letter. I mean, I take it that you're not arguing this question that Judge Berzon is asking. That is not what the government perceived the scope of this argument or the question to be. That's peculiar. Okay. We've been getting a lot of this, people standing up and saying I'm not prepared to argue. I've asked you a question. I was once in the Supreme Court when something like this happened and Justice Rehnquist said to the government, well, you're here on behalf of the people and I want you to answer that question. I'm not going to tell you that, but it is really the responsibility of government lawyers to address the whole of the question that's asked. All right. Anything additional? The government will stand on its arguments presented to this court. Thank you. Thank you. Judge Friedland, I'm all yours. Well, so I think that you heard Judge Berzon's question. So I think one question is are you going to be able to show prejudice? It seems like the government isn't arguing the opposite, but that would be one thing. What are you going to do if you get reopening this opinion reissue so that you can appeal to us? Is there any hope that you're going to be able to say something at that point? Well, of course, Your Honor. And, again, the BIA dismissed my client's, the merits of his appeal solely on the legal question of whether he established a nexus between the harm he alleges or the fear he alleges and his protected ground. Well, isn't that a fact? That's a factual determination. It's not – there's law that's applied. But here what you're arguing is, well, I'm just going to do a better job next time and I'm going to put in more to show the nexus. You don't get just a do-over about that when it's like if it was enough there and it doesn't show prejudice, then, you know, we don't – we give deference to certain inferences or certain factual findings that a court that is being reviewed has. I hate to say a lower court because that sounds rude, but the first stage court. And, Your Honor, I want my client to have the opportunity to make those arguments. And it's that opportunity that he was denied when he did not receive the notice that his appeal had been dismissed. That's really what this comes down to. The other issue that is troubling me a bit is that you seem to think that if Rivera-Valdez applies, you definitely get what you wanted, which is the reissuance and the chance to appeal to us. But I think Rivera-Valdez says only reasonable efforts need to be taken, and I'm not sure we've had a chance to develop the question of what those reasonable efforts would have been in this case. So when you came in and said, I just win, is that right? It doesn't seem like that's right. It seems like everyone's saying that here. We don't get to just say, well, who wins? We have to dig in a little bit more here, and that's what I think, in fairness, both of you had just said, well, we just win. Well, Judge Callahan, if we don't take strong positions, then we're not really doing our job. Well, of course you want to win, but it's helpful to give the court a path to do that and to wrestle with, like, for example, to wrestle with the issues that the government has to wrestle with and wrestle with the issues of, like, prejudice in terms of what you have. But I think we clearly know you both want to win. No one will argue with either of you that you didn't say you wanted to win. Regarding this particular case, Your Honors, we can't lose sight of the fact that they had my client. They had him. They knew exactly where he was, and they knew exactly where he went. Well, did they? I don't think they had his new address at the time. Thank you, Your Honor. It's not in the record. That is absolutely correct. It is not in the record. It's a form I-220, and that's the order of supervision. That form requires an address where there is. . . The petitioner always has an obligation to keep the government notified of what the address is. Yes, Your Honors. And your petitioner, I assume, is intelligent enough to know that he wasn't in custody and he was somewhere else. But my understanding of what you're saying is that he was relying on that everyone said, hey, we've got you, and so we don't know whether that's the truth.  And I'll be perfectly honest with you, Your Honors. Until this case, I never looked before at that little box that says, note, you must file a change of address within five days. I literally had never read that in almost 20 years. Well, you know, sex offenders always say that they never paid attention to that. They have to let the court know where they are either, too. So sometimes when you have a certain status, you have to keep the court notified. And so on remand, I guess that might be a question of fact for the board, of whether the steps he took were reasonable, whether it was reasonable for him to rely. Or whether the government had reasonable options that weren't pursued. Both things, right, would be under the scope of what Rivera-Valdez says we should look at? In theory, yes. That's exactly what they should be doing. And so your flat assertion earlier that there's nothing to look at here you win is not really right. There's something that needs to be considered under Rivera-Valdez. There's something that could be considered. So why would it not have to be considered? Why are you saying could? Why are you pushing back? I'm pushing back, Your Honors, because the right to file an appeal is encoded in the statute. But you – okay, but now you have Rivera-Valdez. And it says that you have to look to what the government should have done if there were reasonable steps. I didn't – I thought that not doing it – you know what I thought in the dissent. But then I'm going with the majority. So why aren't you going with the majority? And the majority says the government has to look to what reasonable steps they could have taken. And we don't know what that would have been here. Because the agency hasn't looked at that yet, right? Correct, Your Honor. But they did know that notice was ineffective. Okay. But the next step under Rivera-Valdez is they have to take reasonable steps, and that's what – we don't know what they knew or should have known. Correct. So I think we're going in circles here. We're not going to get that admission out of you. That's clear. But I know that both of you recognize that we have the ultimate authority to decide this case, which we will do. And I think we've considered both of your arguments here. Thank you for the extra time. Any additional questions by the Court? All right. Thank you. All right. This matter will stand submitted.
judges: BERZON, CALLAHAN, FRIEDLAND